Jon T. Neumann (277331)
Email: neumannj@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for Specially Appearing Defendants
Wineland Entertainment LLC and Christopher Wineland*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Hugh Kretschmer,<br><br>       Plaintiff,<br><br>v.<br><br>Wineland Entertainment LLC and Christopher Wineland;<br><br>       Defendants. | Case No. 2:25-cv-01911-AJR<br><br>**SPECIALLY APPEARING DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:    September 22, 2025<br>TIME:     1:30 p.m.<br>CTRM:   780<br>JUDGE:  Hon. A. Joel Richlin<br>TRIAL DATE:  None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 22, 2025 at 1:30 p.m., in courtroom 780 of the above-captioned court, located at 255 East Temple Street Los Angeles, California 90012, Specially Appearing Defendants Wineland Entertainment LLC ("Wineland Entertainment") and Christopher Wineland ("Wineland") (Wineland

collectively with Wineland Entertainment, "Defendants") will, and hereby do, move this Court for an Order dismissing all causes of action in Plaintiff's Complaint [Doc. 1] against them, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the grounds that this Court lacks personal jurisdiction over them.

Defendants are Illinois residents who have only limited contacts with California, none of which relate to Plaintiff's claims. These contacts are insufficient as a matter of law to permit the exercise of personal jurisdiction over Defendants.

This Motion is based upon this Notice, the annexed Memorandum of Points and Authorities, the accompanying Declaration of Christopher Wineland[1], and such further argument and evidence as may be presented at the hearing of this Motion.

This Motion is made following the conference of counsel, pursuant to L.R. 7-3, as described in the Declaration of Counsel Regarding Conferral.[2]

RESPECTFULLY SUBMITTED this 21st day of July 2025.

**GREENBERG TRAURIG, LLP**

By: */s/ Jon T. Neumann*
      Jon T. Neumann

*Attorneys for Defendants*

---

[1] The Declaration of Christopher Wineland is attached hereto as **Exhibit 1**.

[2] The Declaration of Counsel Regarding Conferral Pursuant to L.R. 7-3 is attached hereto as **Exhibit 2**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

Plaintiff is a California citizen who filed this lawsuit against Defendants, who are Illinois citizens with no relevant connections to California. The lawsuit alleges that Defendants published Plaintiff's copyrighted photo (the "Photograph") to promote a podcast without Plaintiff's permission. While Plaintiff admits that both Defendants are Illinois residents [Doc. 1 at ¶¶ 4–5], he alleges—generically, on "information and belief" but without any details—that both Defendants have significant contacts with California. [*See id.* at ¶¶ 4–5, 8–13.] This simply is not true. The podcast was created in Illinois [Declaration of Christopher Wineland ("Wineland Decl.") at ¶ 14], and it was not advertised in California or directed to California residents. [*Id.* ¶¶ 18–22.] As discussed more fully below, the only connection that Defendants have to California is that Wineland performed comedy shows in California, on two separate occasions, that were temporally distinct from the publication of the podcast and had no relationship to the podcast or to the alleged use of the Photograph. [*Id.* ¶¶ 7–11.] These contacts are insufficient as a matter of law to establish personal jurisdiction over either Defendant in this Court.

Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Defendants. To establish personal jurisdiction over Defendants, Plaintiff must demonstrate that either: (1) Defendants are subject to *general jurisdiction* because of continuous and systematic contacts with California related to the alleged conduct at issue; or (2) Defendants are subject to *specific jurisdiction* because: (a) they purposefully directed their activities towards California; (b) Plaintiff's claims result from Defendant's contact with California; and (c) the exercise of jurisdiction is reasonable. For the reasons below, Defendants are not subject to either general or specific personal jurisdiction in California.

First, Defendants do not have the continuous and systematic contacts related to the alleged conduct at issue which would be necessary to confer general jurisdiction over them

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

in California. Plaintiff admits that (1) Wineland is an Illinois resident; (2) Wineland Entertainment is an Illinois entity; and (3) Wineland Entertainment's principal place of business is in Illinois. Wineland does not regularly travel to California and Wineland Entertainment does not do business in California, nor does it own property or have an office in California. In short, Defendants are not "at home" in California in any regard. Consequently, general jurisdiction cannot be established.

Second, Plaintiff's Complaint has failed to sufficiently allege any facts to suggest that Defendants "expressly aimed" the allegedly infringing activities at California or that this Court otherwise has specific jurisdiction over Defendants. To start, Wineland Entertainment did not even exist at the time of the complained-of conduct. And Plaintiff has not alleged that Wineland's podcast or any advertisement promoting the podcast was explicitly directed toward California. To the contrary, the podcast and advertisement at issue were created in Illinois and generally available. More importantly, the podcast is unrelated to any activities Wineland may have performed in California as part of his unrelated work as a comedian. The alleged infringement does not provide a basis for the "minimum contacts" required for this Court's exercise of specific jurisdiction over Defendants.

Defendants respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction.

## II.   BACKGROUND

### A.   Wineland and Wineland Entertainment

Wineland is a comedian, pastor, and author who resides in Naperville, Illinois. [Wineland Decl. ¶¶ 3, 5; *see also* Doc. 1 at ¶ 5.] Wineland's work as a comedian primarily consists of performing stand-up comedy at churches and small theatres. [Wineland Decl. ¶ 5.] Wineland has never resided, been employed, or owned any property in California. [*Id.* ¶ 4.] He does not regularly travel to California. [*Id.* ¶ 6.] Wineland has, on very few occasions, performed stand-up comedy in California. [*Id.* ¶ 7.] In April 2017, Wineland performed a single comedy show in California. [*Id.* ¶ 8.] That show was in a church in

Santa Cruz County, not in Los Angeles County. [*Id.*] Then, on August 30, 2024 through September 1, 2024, Wineland performed five comedy shows California. [*Id.* ¶ 9.] Only one of these shows was in Los Angeles County. [*Id.*] Wineland has not otherwise conducted business in California. [*Id.* ¶ 12.] None of these shows mentioned the Podcast Series described below nor related to it in any way. [*Id.* ¶ 10.] The Photograph was not used in advertising or for any other purpose related to these shows. [*Id.* ¶ 11.]

On June 11, 2024, Wineland Entertainment was registered with the Illinois Secretary of State. [*See* Wineland Entertainment's June 11, 2024, Articles of Organization, attached as **Exhibit D** to the Wineland Decl.] Wineland Entertainment is a limited liability company organized under the laws of the State of Illinois. [*See id.*; Doc. 1 at ¶ 4.] Wineland is the sole member and manager of Wineland Entertainment. [Wineland Decl. ¶ 34.] Wineland manages his business as a comedian through Wineland Entertainment. [*Id.* ¶ 38.] Wineland Entertainment post-dates and has no relation to the Podcast. [*Id.* ¶ 39.] Wineland Entertainment is not registered to do business in California, has no property, offices, or assets in California, and has no employees. [*Id.* ¶¶ 36–37.]

### B. The Podcast

In October 2023, Wineland created The Modern Christian Podcast (the "Podcast Series") with his wife. [*Id.* ¶ 13.] On the Podcast Series, Wineland and his wife discuss various topics and issues related to Christianity in modern society, drawing from their experience in ministry and as parents. [*Id.* ¶ 15.] The Podcast Series ran for sixteen episodes released from October 26, 2023, to April 1, 2024.[3]

The Podcast Series is completely unrelated to Wineland's work as a stand-up comedian. [*Id.* ¶¶ 25–26, 39.] The Podcast Series is not owned by, managed by, or connected to any business entity. [*Id.* ¶¶ 23–24.] It is owned and managed by Wineland and his wife in their personal capacities. [*Id.*] The Podcast Series is available for free—it

---

[3] *See* The Modern Christian Podcast, Spotify, available at https://open.spotify.com/show/0wwMuYKgVkBpgAF1uGeliz?si=f08cdb2ae08c4810 (last visited July 7, 2025).

5

has no advertisers and is not otherwise monetized—and it has not generated any income. [*Id.* ¶¶ 28–29.]

Wineland distributes the Podcast Series through a third-party advertisement platform that publishes the Podcast Series' episodes on Spotify, Apple Podcasts, and Amazon Music. [*Id.* ¶ 17.] Wineland promotes the Podcast Series on his personal Facebook and Instagram pages. [*Id.* ¶ 18.] He does not otherwise advertise the Podcast Series and does not promote the Podcast Series in California (or any particular geographic location). [*Id.* ¶¶ 19–22.] Episodes from the Podcast Series have only been downloaded 3,972 times. [*See* The Modern Christian Podcast Downloads Overview as of June 7, 2025, attached as **Exhibit A** to the Wineland Decl.] Less than 5% (166/3,972) of the Podcast Series' downloads have occurred in California. [*See* The Modern Christian Podcast Geolocation Performance data as of June 7, 2025, attached as **Exhibit B** to the Wineland Decl.]

### C. Plaintiff's Allegations

Plaintiff's Complaint raises claims for copyright infringement and violations of copyright management information. [Doc. 1 at ¶¶ 50–79.] Plaintiff alleges that on November 17, 2023, Defendants copied and displayed the Photograph on a Facebook post to promote the Podcast Series, specifically an episode titled "The Modern Christian Parent" ("Podcast Episode 104"), without Plaintiff's consent. [*Id.* ¶¶ 22–25.] Podcast Episode 104 has only been downloaded 83 times. [*See* The Modern Christian Podcast Episodes Downloads as of June 7, 2025, attached as **Exhibit C** to the Wineland Decl.] Plaintiff further alleges that "the Photo was also published on Defendants' various social media channels and other digital advertising to promote their podcast and sell tickets." [Doc. 1 at ¶ 26.]

### III.   ARGUMENT

#### A.   Legal Standard.

Plaintiff has the burden of establishing that this Court can exercise personal jurisdiction over Defendants, but he has failed to do so. *See* Fed R. Civ. P. 12(b)(2);

6

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Mente v. Rogers*, No. 2:24-cv-04470-SPG-SK, 2025 WL 819672, at *3 (C.D. Cal. Jan. 27, 2025) (quoting *Schwarzenegger*, 374 F.3d at 801) (declining to exercise personal jurisdiction when defendant did not have "minimum contacts" with the state of California.).

This Court may exercise jurisdiction over a non-resident defendant to the extent permitted by the Due Process Clause of the Fourteenth Amendment. Cal. Code Civ. P. § 410.10. Therefore, this Court's determination of whether it has personal jurisdiction exists over Defendants is identical under California law and federal due process. *See Schwarzenegger*, 374 F.3d at 800–01. While jurisdiction may be general or specific, the plaintiff has the burden to establish jurisdiction and cannot simply rest on the bare allegations of the complaint. *Line Apparel, LLC v. GSG PPE*, No. 2:21-cv-06462-SVW-KK, 2021 WL 6618899, at *1–2 (C.D. Cal. Dec. 15, 2021) ("If Defendant adduces evidence controverting [plaintiff's jurisdictional] allegations," the plaintiff must "'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" (Quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)). Plaintiff has not established that this Court has personal jurisdiction over Defendants

**B.    Plaintiff has Failed to Establish General Personal Jurisdiction Because Defendants Are Not "At Home" In California.**

For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For a corporation, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* (Alterations in original). General jurisdiction over a corporation exists only when the corporation's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum

state." *Id.* at 138–39.

As alleged by Plaintiff, Wineland is a resident of Illinois. [*See* Doc. 1 at ¶ 5.] Wineland does not and has never lived in California, nor does he travel regularly to California. [Wineland Decl. ¶¶ 3–4, 6.] And, as alleged by Plaintiff, Wineland Entertainment is a limited liability company organized under the laws of Illinois, with its principal place of business likewise in Illinois. [*See* Wineland Decl., Ex. D; Doc. 1 at ¶ 4.] Wineland Entertainment is not registered to do business in California and has no property, members, managers, or assets in the state. [Wineland Decl. ¶¶ 36–37.] Plaintiff has not made any allegations that Wineland Entertainment is "at home" in California, nor could he. *See Nichols v. Guidetoinsure, LLC*, 730 F. Supp. 3d 935, 939 (N.D. Cal. 2024). Thus, Plaintiff cannot establish that this Court has general personal jurisdiction over Defendants.

### C. Plaintiff has Also Failed to Establish Specific Personal Jurisdiction Because Defendants Did Not "Expressly Aim" the Alleged Infringing Activities at California.

"Specific [personal] jurisdiction exists when the plaintiff's claims or causes of action 'arise out of or relate to' the defendant's contacts with the forum state." *Mente*, 2025 WL 819672, at *3.

The Ninth Circuit employs a three-step test to determine specific jurisdiction:

> (1) [T]he nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Mente*, 2025 WL 819672, at *3.

For the first element, in tort-related (including copyright infringement) cases, courts employ the "purposeful direction" or "effects" test. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). Under that test, Plaintiff must show Defendants "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Mente*, 2025 WL 819672, at *4 (quoting *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014)).

The "expressly aimed" analysis "looks to the defendants contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (quoting *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015)). In other words, a defendant must "expressly aim his or her conduct at the *jurisdiction*—not just a plaintiff that happens to reside there." *Bobulinksi v. Dickinson*, No. CV 24-02600-MWF (JPRx), 2025 WL 863462, at *9 (C.D. Cal. Feb. 20, 2025). Plaintiff "must demonstrate that California is the 'focal point' of both the claims and the harms suffered." *Graco Minn. Inc. v. PF Brands, Inc.*, No. 18-cv-1690-WQH-AGS, 2019 WL 1746580, at *4 (S.D. Cal. Apr. 17, 2019) (quoting *Axiom Foods, Inc.*, 874 F.3d at 1070–71). To that end, courts routinely hold that publishing a public social media post with no apparent forum-related focus is insufficient. *See id.* at *6; *Axiom Foods, Inc.*, 874 F.3d at 1070–71.

The second element of the Ninth Circuit's test "explores the relationship between the cause of the plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state." *Lake*, 817 F.2d at 1421. Finally, if a court reaches the third element, it must "determine the reasonableness of a forum's exercise of jurisdiction" based on a variety of factors including the burden on the defendant and the forum state's interest in adjudicating the suit. *Id.* at 1421–22.

Here, Plaintiff cannot show that that Defendants expressly aimed the alleged conduct at the State of California. As a preliminary matter, the alleged "intentional act"

9

complained of—Wineland's posting of Plaintiff's copyrighted Photograph on his personal Facebook account in November 2023 in conjunction with the Podcast Series [*see* Doc. 1 at ¶ 22]—***predated Wineland Entertainment's existence***. Wineland Entertainment was not organized until June 2024, nearly 7 months after the social media post at issue. [*See* Wineland Decl., Ex. D.] Wineland Entertainment cannot be subject to personal jurisdiction, let alone liability, for an act that allegedly took place well before it was organized.

Regardless, there is no question as to whether the alleged infringement (*i.e.* the intentional act) was "expressly aimed" at California—it was not. Taking Plaintiffs' allegations as true, Wineland published the Photograph on "various social media channels" to promote the Podcast Series, specifically Podcast Episode 104.[4] [*See* Doc. 1 at ¶¶ 26–27.] Plaintiff does not allege that California was the "focal point" of the advertisement, or that Wineland directed the advertisement to California in any way. To the contrary, Wineland's social media posts are publicly available and Wineland does not engage in targeted advertisements. [Wineland Decl. ¶¶ 18–22.]; *see Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (noting that operating a passive website without "something more"—"individualized targeting"—is insufficient); *Beauchamp v. Muise*, No. CV-24-00861-PHX-GMS, 2024 WL 4364058, at *4 (D. Ariz. Oct. 1, 2024) ("Federal courts have recognized that an internet post, which reaches the forum state and is accessible to residents of the forum state, does not subject a defendant to personal jurisdiction in the forum state."); *cf. Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020–21 (9th Cir. 2002) (finding defendant's targeted advertisements in the forum were "something more" than merely operating a passive website). Based on the screen shot attached to Plaintiff's Complaint, only ***five people*** commented on the social media post

---

[4] Plaintiff's allegations that Wineland published the Photograph beyond a single Facebook post on November 17, 2023, are entirely conclusory. [*See* Doc. 1 ¶¶ 25–26]; *see Line Apparel, LLC*, 2021 WL 6618899, at *1–2 (noting that a plaintiff's "bare" allegations are insufficient to meet his burden to show personal jurisdiction over the defendant).

at issue [*see* Doc. 1 at ¶ 25]—while not known to Defendants at this time, it is unlikely that *any* of the people who interacted with the post are California residents—and Plaintiff has made no such allegation. *See Axiom Foods, Inc.*, 874 F.3d at 1070 (holding that the "California contacts [defendant] created by sending a single newsletter to 55 recipients of unknown residence are too attenuated and isolated" for the exercise of specific personal jurisdiction (cleaned up)). The same is true of the Podcast Series generally, which is not otherwise advertised and does not generate income, and Podcast Episode 104 itself, which has only been downloaded 83 times. [Wineland Decl. ¶¶ 28–29 & Ex. C.] Simply put, "[t]he alleged infringement barely connected [Wineland] to California residents, let alone California itself." *Axiom Foods, Inc.*, 874 F.3d at 1071; *Backgrid USA, Inc. v. Audacy, Inc.*, No. LA CV21-08874 JAK (KSx), 2023 WL 5519352, at *8–11 (C.D. Cal. Aug. 25, 2023) (finding lack of personal jurisdiction where allegedly infringing social media posts were not expressly aimed at defendant's California audience); *Lang v. Morris*, 823 F.Supp.2d 966, 978–79 (N.D. Cal. 2011) (granting motion to dismiss for lack of personal jurisdiction over copyright infringement claim where defendant did not target alleged infringement toward California resident); *cf. Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (holding that defendant's acts of posting photos on website specifically *aimed at a California audience*, not mere posting of plaintiff's copyrighted photos, constituted directed targeting).

The fact that Wineland has performed a handful of comedy shows in California—on two occasions that have no temporal relationship to Wineland's allegedly infringing social media post relating to the Podcast Series—is irrelevant. First, the social media post at issue had a single, express purpose—to promote Wineland's Podcast Series, and specifically Podcast Episode 104. [*See* Doc. 1 at ¶ 25.] Podcast Episode 104, titled "The Modern Christian Parent," is not connected to Wineland's stand-up comedy (nor is any other episode). [Wineland Decl. ¶¶ 15, 26, 39.] In fact, the Podcast Series and Podcase Episode 104 relate to (as their titles portray) Christianity and parenting and to Wineland and his wife's work in ministry [*Id.* ¶ 15.] Second, Plaintiff does not even attempt to

connect the social media post to Wineland's few California shows (because he cannot). The first of Wineland's six California shows took place over five years before the alleged infringement. [*Id.* ¶¶ 7–8.] And the other California shows occurred nearly ten months after the alleged infringement, over a single weekend. [*Id.* ¶ 9.] None of these shows mentioned the Podcast Series and the Photograph was not used to advertise or for any other purpose connected with the stand-up comedy shows. [*Id.* ¶¶ 10–11.] Podcast Episode 104 and the Facebook post related to it are temporally disconnected from any of Wineland's California shows. Plaintiff, in a conclusory fashion, alleges that Wineland "sold tickets to [California] residents" through his use of the Photograph [Doc. 1 at ¶ 10.] But Plaintiff has not presented and cannot present evidence supporting that assertion because there is no such evidence. The alleged social media post at issue concerned Podcast Series and, specifically, Episode 104, not Wineland's comedy shows in California—which are nowhere mentioned or referenced in the post. Plaintiff has not and cannot show otherwise.

In summary, Plaintiff has not shown and cannot show that Defendants purposefully targeted or expressly aimed the social media post containing the alleged infringement at California or, in fact, that it has any relationship to California (aside from being generally available on the Internet, which is not sufficient for the reasons described above). Consequently, this Court does not have specific jurisdiction over Defendants.

**IV. CONCLUSION**

Plaintiff has failed to allege facts sufficient to allow this Court to exercise personal jurisdiction over Defendants and cannot do so. Defendants are based out of Illinois and the alleged acts underlying this case concerned a social media post not directed to any particular jurisdiction and entirely unrelated to Defendants' California connections. Accordingly, Plaintiff's Complaint should be dismissed as to both Defendants for lack of personal jurisdiction.

RESPECTFULLY SUBMITTED this 21st day of July 2025.

**GREENBERG TRAURIG, LLP**

By: */s/ Jon T. Neumann*
    Jon T. Neumann

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on July 21, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I further certify that on this same date I served the attached document via email to:

James H. Bartolomei III
Email: james@duncanfirm.com
*Attorneys for Plaintiff*

By: */s/ Diane Linn*
Employee, Greenberg Traurig, LLP